[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The matter before this court is a prejudgment remedy application filed by the plaintiff against his former employer. CT Page 5433 This case arises out of a terminated employment relationship between the plaintiff, Richard MacDonald, and the defendant, Robert Pinto. The plaintiff claims that the parties had reached an oral agreement, whereby he would work for the defendant exclusively, and receive 25 percent of payables less the cost of materials, tooling and outside processing. The plaintiff claims that the defendant breached this agreement by only paying him $500 to $700 per week.
Subsequent to the hearing on the application and having reviewed the post-hearing briefs, the court finds that following facts. On or about March 19, 1992, defendant Robert Pinto began doing business as Pinto Associates, in Glastonbury, Conn. The defendant hired the plaintiff to work for him as an independent contractor. In addition to the plaintiff, the defendant also hired Steve Bilan. The three men met to agree upon the terms of employment. The contract of employment was an oral contract. The defendant paid the plaintiff between $500-700 per week, depending on cash-flow. As time went on, the defendant hired other individuals to work for him. Initially, the majority of the defendant's employees were classified as independent contractors. The defendant was advised that these employees were not truly independent contractors. In 1995 the defendant told the plaintiff that he had been cautioned to change his employment practice by going to a payroll system; however, the plaintiff was not going to be put on salary. On March 30, 1995, the plaintiff terminated his employment with the defendant. The defendant notified the plaintiff through his attorney that he was entitled to $9,602.17, which represented twenty-five percent of the difference between the accounts receivable and the accounts payable as of March 30, 1995. The plaintiff refused to accept this amount. The plaintiff demanded to be paid 25 percent of the accounts payable less the cost of materials, tooling and outside processing for each of the years he was an employee of the defendant. That amount, according to plaintiff's counsel, is approximately $83,548.00.
Each party disputes the other's representation of the precise terms of the oral contract regarding salary. The resolution of that dispute will provide that amount that the plaintiff is owed by the defendant. As stated earlier, the plaintiff contends that the amount he was to be paid equals 25 percent of the payables less cost of materials, tooling and outside processing. The defendant maintains that the agreement was that the plaintiff would be paid 25 percent of the new cash flow of the business and upon the termination of the employment relationship, would CT Page 5434 receive 25 percent of the difference between the accounts receivable and the accounts payable. The defendant claims that there was no minimum or maximum salary agreed to: that he would pay what he could, depending on the contracts he obtained.
Pursuant to General Statutes § 52-278d (a), this Court must determine whether there is probable cause that judgment will be rendered for the plaintiff in the amount equal to or greater than the amount of the prejudgment remedy, taking into account all defenses, counterclaims or set-offs. Probable cause is defined as a bona fide belief in facts essential under the law for the action and such as would lead a reasonable, prudent person to entertain such belief. Dufraineu v. CHRO, 236 Conn. 250,, 261 (1996). Probable cause must exist as to both the merits and damages.
Both parties agree that the defendant informed the plaintiff that he would not be able to pay a lot until the business got up and running. They also agree that both parties understood that initially, the defendant would pay what he could out of the invoices.
Mr. Bilan testified that the oral agreement called for him and the plaintiff to receive 25 percent of the accounts receivable, less the accounts payable upon termination of the employment relationship. He also testified that the defendant was to pay him 25 percent after payables and receivables on a weekly basis. Unfortunately, though Mr. Bilan was privy to their discussions, his testimony does not clarify which party is accurately reporting the terms of the oral agreement. In fact, from Mr. Bilan's testimony, it is not clear that he was a party to either the agreement as reported by the plaintiff or the agreement as reported by the defendant. His testimony does not bolster one party's version, over the others.
The plaintiff claims that the defendant prevented him from having access to the records necessary to fully establish the amount of damages to which he is entitled. Using tax returns of the defendant, the plaintiff attempted to provide evidence to support his damages claim. However, the plaintiff testified during the hearing that records he would need to establish his claim had been destroyed. The plaintiff has failed to meet his burden of establishing what, if any his damages are.
In order to meet his burden of proving probable cause for the CT Page 5435 breach of contract claim, the plaintiff must at least establish the existence of a contract. The plaintiff has failed to sufficiently do this. Though this court receives with a fair amount of skepticism the defendant's claim that his initial agreement was to pay the plaintiff no definite amount, the facts do not support a finding of probable cause regarding the plaintiff's breach of contract claim. Nor do the facts adduced at trial provide a basis for a determination of damages. Therefore, this court denies the plaintiff's application for an attachment on breach of contract claim. In his Supplemental Post-Hearing Brief, the plaintiff indicated that he was abandoning his CUTPA claims for purposes of this application. Thus, this court need not address that issue.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT